No. 18-15386

IN THE

# United States Court of Appeals for the Ninth Circuit

_____

RAEF LAWSON, individually and on behalf of other similarly situated individuals, and in his capacity as Private Attorney General Representative,

*Plaintiff-Appellant,*

v.

GRUBHUB HOLDINGS INC. and GRUBHUB INC.,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
For the Northern District of California
Case No. 15-cv-05128 JSC

_____

**PLAINTIFF-APPELLANT'S MOTION TO REMAND**
_____

                                               Shannon Liss-Riordan
                                               Thomas Fowler
                                               Lichten & Liss-Riordan, P.C.
                                               729 Boylston Street, Suite 2000
                                               Boston, Massachusetts 02116
                                               (617) 994-5800
                                               sliss@llrlaw.com
                                               tfowler@llrlaw.com

*Counsel for Plaintiff-Appellant*

## MOTION TO REMAND

Pursuant to Circuit Rule 3-6(a), Plaintiff-Appellant Raef Lawson ("Plaintiff") respectfully moves the Court to remand this case to the District Court for reconsideration in light of the California Supreme Court's recent decision in *Dynamex Operations West, Inc. v. Superior Court*, --- P.3d ---, 2018 WL 1999120 (Cal. Apr. 30, 2018).[1] This case challenges the classification of food delivery drivers by Defendant-Appellees GrubHub Holdings Inc. and GrubHub Inc. ("GrubHub") as independent contractors under California law. In *Dynamex*, the California Supreme Court just this week announced a revised test for determining when workers may be classified as independent contractors and when they must be classified as employees for purposes of the California Labor Code. In determining that Plaintiff was properly classified as an independent contractor and thus entering judgment on behalf GrubHub, the District Court below applied the California common law test for determining employee status that had been enunciated in *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341 (1989). *See*

---

[1] Ninth Circuit Rule 3-6(a) provides that the Court may remand or vacate a judgment or remand the case for additional proceedings where "the Court determines: (a) that clear error *or an intervening court decision* or recent legislation requires reversal or vacation of the judgment or order appealed from or a remand for additional proceedings" (emphasis added). *See also Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 728 n.2 (9th Circuit 1999) (noting that under Ninth Circuit Rule 3-6(a), a party may move for summary reversal based, inter alia, on an intervening court decision.).

1

*Lawson v. GrubHub, Inc.*, 2018 WL 776354, *11 (N.D. Cal. Feb. 8, 2018). However, in *Dynamex*, the California Supreme Court has now announced that, rather than the *Borello* test, a far stricter test, referred to as an "ABC" test, governs the question of whether workers like the Plaintiff have been misclassified. *See Dynamex*, 2018 WL 1999120, *29. Thus, because the District Court did not have the benefit of this important new appellate authority, this Court should remand this case to the District Court for reconsideration in light of *Dynamex*.[2]

Plaintiff brought claims under the California Labor Code and the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, alleging that GrubHub misclassified him and other delivery drivers across California as independent contractors and thereby violated the Labor Code by failing to pay minimum wage (Cal. Lab. Code §§ 1197 and 1194), failing to pay a time-and-a-half overtime premium for hours worked in excess of forty in a given workweek or in excess of eight per day (Cal. Lab. Code §§ 1194, 1198, 510, and 554), and failing to reimburse for necessary business expenses (Cal. Lab. Code § 2802). GrubHub has maintained that it properly classified its delivery drivers as

---

[2] In addition to appealing the District Court's decision that he had not been misclassified, Plaintiff also appealed the District Court's order granting GrubHub's motion to deny class certification (D. Ct. Dkt. 65). Plaintiff reserves his right to renew his appeal with respect to that order after an adjudication of his employee status under the newly stated *Dynamex* decision.

independent contractors and that it therefore has not committed any violations of the Labor Code.

Following a bench trial that took place from September 5 - 12, 2017, with closing arguments held on October 30, 2017, which (by agreement of the parties) focused first on whether Plaintiff himself had been misclassified, the District Court issued its decision on February 8, 2018, finding that Plaintiff was properly classified as an independent contractor (D. Ct. Dkt. 221). The District Court thus issued a judgment in GrubHub's favor (D. Ct. Dkt. 222).[3] The District Court considered the question of employment status under the multi-factor common law test articulated in *Borello*, 48 Cal. 3d at 350. Under *Borello*, the "'most significant consideration' is the putative employer's 'right to control work details'" which "need not extend to every possible detail of the work." *O'Connor v. Uber Technologies, Inc.*, 82 F. Supp. 3d 1133, 1138 (N.D. Cal. 2015) (quoting *Borello*, 48 Cal. 3d at 350). In addition to the right of control, the *Borello* test also considers "a number of 'secondary' indicia," including:

(a) whether the one performing services is engaged in a distinct occupation

---

[3] On January 2, 2018, Plaintiff submitted a Notice of Supplemental Authority (D. Ct. Dkt. 220), informing the District Court of the pendency of *Dynamex* and the Supreme Court's Order of December 28, 2017, which indicated that the Supreme Court was considering adopting an "ABC" test for employee status. In the notice, Plaintiff suggested that it may be appropriate for the Court to await the Supreme Court's imminent ruling in *Dynamex* before issuing a decision in this case. Notwithstanding this notice, the District Court issued its decision without acknowledging the notice or the pendency of *Dynamex*.

> or business; (b) the kind of occupation, which reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principle; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

*Borello*, 48 Cal. 3d at 350. These secondary indicia "cannot be applied mechanically as separate tests; they are intertwined and their weight depends on particular combinations." *Id.* at 351. No one *Borello* factor "is dispositive when analyzing employee/independent contractor status." *O'Connor*, 82 F. Supp. 3d at 1140.

The California Supreme Court's decision in *Dynamex* upends this analysis and requires that this case be remanded for further consideration. In *Dynamex*, the Supreme Court recognized that the multi-factor *Borello* test has led to uncertainty and manipulation by putative employers and that an "ABC" test would better satisfy the "history and purpose of the suffer or permit to work standard in California's wage orders." *Dynamex*, 2018 WL 1999120, *29. Citing its decision in *Martinez v. Combs*, 49 Cal. 4th 35 (2010), which set forth three definitions of "to employ" under California law: "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship," *id.* at 64, the *Dynamex* court

4

explained the "suffer or permit" standard is "exceptionally broad," "must be liberally construed," and applies to the employee/independent contractor inquiry. *Dynamex*, 2018 WL 1999120, \*27.

The Court thus held that the proper standard for resolving that inquiry is: first, to provide workers with a presumption of employee status, placing the burden on the putative employer to establish that the worker is an independent contractor; and second, to require the putative employer to establish each of three factors to prove independent contractor status, commonly called an "ABC" test. *Id.* at 29. Those factors require the putative employer to demonstrate that: "(A) the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed." *Id*. The ABC test is conjunctive, meaning that if the putative employer cannot establish *all three factors* with regard to a worker, that worker is an employee as a matter of law. *See id.* at \*34.

Notably, the *Dynamex* Court specifically adopted the Massachusetts version of the "ABC" test, which contains a very strict "B" prong. Under that prong, the alleged employer can only establish independent contractor status by showing that

5

the work performed is outside the employer's usual course of business. In other words, "when a clothing manufacturing company hires work-at-home seamstresses to make dresses from cloth and patterns supplied by the company that will thereafter be sold by the company . . . or when a bakery hires cake decorators to work on its custom-designed cakes . . . the workers are part of the hiring entity's usual business operation and the hiring business can reasonably be viewed as having suffered or permitted the workers to provide services as employees." *Id.* at *31 (internal citations omitted).

Indeed, in the context of analyzing one of the secondary factors under the *Borello* test – whether the work performed by Plaintiff was part of GrubHub's regular business – the District Court already found that GrubHub "is in the business of online restaurant ordering and . . . of also providing food delivery for certain restaurants" and that "at the time [Plaintiff] drove for Grubhub food delivery was part of GrubHub's regular business . . . ." *Lawson*, 2018 WL 776354, *17. Thus, under prong B of the ABC test, it is apparent that GrubHub cannot carry its burden to establish independent contractor status. *See Dynamex*, 2018 WL 1999120, *31.

The Court should therefore remand to the District Court for reconsideration of this case under the ABC test.[4]

---

[4] Plaintiff submits that, while there can be little question that GrubHub cannot

6

Notably, the *Dynamex* decision makes clear that California's adoption of the ABC test is a reinterpretation of existing law, and thus the decision will apply retroactively, including to Plaintiff in this case. *Id.* at 35-36. Indeed, as numerous courts in California have found, judicial decisions altering the common law and statutory interpretation have retroactive applicability. *See, e.g., Brennan v. Tremco*

---

satisfy prong B of the ABC test, GrubHub cannot satisfy prong C either under the District Court's decision, and it should not be deemed to satisfy prong A either, under the *Dynamex* Court's explanation of the proper "right to control" analysis. GrubHub cannot satisfy prong C since, as the District Court found, Plaintiff was "not engaged in a distinct occupation or business" and "did not run a delivery business of which Grubhub was simply one client." *Lawson*, 2018 WL 776354, *15. It should not be held to satisfy prong A either, since the District Court rested its conclusion regarding right of control on this analysis:

> Of primary significance, Grubhub did not control the manner or means of [Plaintiff's] work, including whether he worked at all or for how long or how often, or even whether he performed deliveries for Grubhub's competitors at the same time he had agreed to deliver for Grubhub.

*Lawson*, 2018 WL 776354, *18. However, in construing prong A, the *Dynamex* Court favorably cited a case in which the Vermont Supreme Court (using a similar iteration of the ABC Test) found that a clothing company retained the right to control the work of its knitters and sewers even though they "worked at home on their own machines at their own pace and on the days and at the times of their own choosing," because "'[t]o reduce part A of the ABC test to a matter of what time of day and in whose chair the knitter sits when the product is produced ignores the protective purpose of the [applicable] law.'" *Dynamex*, 2018 WL 1999120, *30 n.27 (quoting *Fleece on Earth v. Dep't of Emple. & Training*, 923 A.2d 594, 599-600 (Vt. 2007)).

Although GrubHub would likely not satisfy either prongs A or C of the ABC test, the District Court should not even need to address these prongs because it is so apparent that GrubHub cannot satisfy its burden on prong B. *Dynamex* makes clear that it is not necessary for a Court to reach all prongs of the ABC test, or even two prongs, if an employer cannot establish even one prong. *See id.* at *34.

7

*Inc.*, 25 Cal. 4th 310, 318 (2001) ("The general rule that judicial decisions are given retroactive effect is basic in our legal tradition."); *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 660-61 (2004) ("Although the [California] Supreme Court issued its decision . . . after the trial court's grant of summary judgment in this case, [the Supreme Court decision] nevertheless applies to this controversy. As a general rule, judicial decisions are given retroactive effect."); *see also Rogers v. Tennessee*, 532 U.S. 451, 452 (2001) (observing that prohibiting the retroactive application of judicial decisions would "unduly impair the incremental and reasoned development of precedent that is the foundation of the common law system"); *United States v. Tavizon-Ruiz*, 196 F. Supp. 3d 1076, 1078 (N.D. Cal. July 25, 2016) ("[D]ecisions of statutory interpretation are fully retroactive because they do not change the law, but rather explain what the law has always meant.") (quoting *United States v. Aguilera-Rios*, 769 F.3d 626, 631) (9th Cir. 2014)).

  The District Court in its decision finding that Plaintiff was an independent contractor rather than an employee did not perform the analysis that *Dynamex* requires. And notably, the District Court's finding that Plaintiff performed a service within GrubHub's usual course of business – food delivery – though just one of the factors under the multi-factor *Borello* test, will be dispositive under the ABC test. Because the District Court's conclusion in this case as to whether Plaintiff was misclassified must be reexamined in light of *Dynamex*, this Court

8

should now remand this case to the District Court for reconsideration.[5]

---

[5] Under *Dynamex*, there can be no question that the ABC test applies to Plaintiff's claims for minimum wage and overtime, which expressly fall under the ambit of Wage Order No. 9. *Dynamex*, 2018 WL 1999120, *27-29. The *Dynamex* Court declined to address whether the ABC test would apply to an expense reimbursement claim brought pursuant to Cal. Lab. Code § 2802, *see id.* at *3 n.5, leaving that question to be decided below. Plaintiff submits that it would make little sense not to apply the same standard for employee classification to an expense reimbursement claim.

Indeed, Wage Order No. 9 itself requires that an employer provide its employees with any "tools or equipment" that "are necessary to the performance of a job" (with certain exceptions not applicable here). Wage Order No. 9-2001, par. 9, Cal. Code Regs., tit. 8, § 11090. This would appear to require an employer to reimburse an employee, where the employee was required to pay for such "tools or equipment" out of pocket, which is exactly the requirement of Labor Code § 2802. Plaintiff here sought reimbursement for use of his vehicle and his phone, the two main pieces of equipment he needed in order to perform his work as a GrubHub delivery driver. In *Dynamex*, the Appeals Court suggested that while some reimbursement would fall under Wage Order No. 9 (such as reimbursement for uniforms, equipment, etc.), reimbursement for personal vehicles would not. *See Dynamex Operations W., Inc. v. Superior Court*, 230 Cal. App. 4th 718, 179 Cal. Rptr. 3d 69, 82 (2014) ("Claims for reimbursement for the rental or purchase of personal vehicles used in performing delivery services, even if viable under section 2802, appear to be outside the ambit of Wage Order No. 9"). In making this pronouncement, the Court cited to *Estrada v. FedEx Ground Package Sys., Inc.,* 154 Cal. App. 4th 1, 24, 64 Cal. Rptr. 3d 327, 346 (2007), which interpreted Wage Order No. 9 to allow employers to require their employees to provide their own vehicle, *provided that the "employer agree to reimburse the employee for all the costs incurred by the employee in the operation of the equipment*" (emphasis added).

Thus, it appears that the *Estrada* Court was distinguishing between employees being able to recover expense reimbursement for the *purchase* of a vehicle as opposed to being able to recover for expenses associated with *using that vehicle for work*. Here, Plaintiff here sought reimbursement not for the *purchase* of his vehicle, but instead only for the costs incurred in *using* his vehicle to perform his work for GrubHub, which he measured through the IRS reimbursement rate. *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 569 (2007)) (recognizing the IRS rate of reimbursement for mileage expenses is a

Dated: May 4, 2018                    Respectfully submitted,

RAEF LAWSON, individually and on behalf of other similarly situated individuals, and in his capacity as Private Attorney General Representative,

By his attorneys,

/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.

---

"reasonable basis of computation of vehicle-related expenses."); *O'Connor v. Uber Technologies, Inc.*, 311 F.R.D. 547, 567 (N.D. Cal. 2015) (same); *Dalton v. Lee Publ'ns, Inc.*, 270 F.R.D. 555, 564 (S.D. Cal.2010)).

 Thus, Plaintiff contends that the ABC test announced in *Dynamex* should apply to his expense reimbursement claim under § 2802 (for use of his vehicle and his phone), as well as to his minimum wage and overtime claims. Indeed, it would be absurd for two different standards to apply, which could conceivably lead to a result that Plaintiff was an employee for the purposes of the Labor Code's minimum wage and overtime requirements but an independent contractor with respect to the Labor Code's expense reimbursement requirement.

 However, this is an issue that must be decided now anew, in the wake of *Dynamex,* and Plaintiff submits the appropriate course is for this Court to remand the case to the District Court so that it can determine whether Plaintiff should be classified as employee (at least for overtime and minimum wage purposes) under *Dynamex* and also for the District Court to determine if the ABC test applies as well to the expense reimbursement claim.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rules 27(d)(2)(A) and 32(g)(1) of the Federal Rules of Appellate Procedure, and Ninth Circuit Rule 32-1, I certify that the foregoing Motion for Summary Disposition and to Remand is proportionally spaced, has a typeface of 14 points, and contains 2,915 words, according to the word-count feature of Microsoft Word, the word-processing application used to generate this motion.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan